UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 25-cv-02137-JRT-DTS

RYLEE SILVA-VIDINHA,

          Plaintiff,

v.

UNITED STATES OF AMERICA et al.,

          Defendants.

**REPLY IN SUPPORT OF UNITED STATES OF AMERICA AND FEDERAL BUREAU OF PRISONS' MOTION TO DISMISS**

The United States of America and the Federal Bureau of Prisons ("BOP") move to dismiss every claim alleged against them in Plaintiff Rylee Silva-Vidinha's complaint for lack of subject matter jurisdiction. Silva-Vidinha's opposition does not offer any defense for most of her claims. From the face of the complaint, Count I as alleged against the BOP is barred by sovereign immunity, as are Counts II through V as alleged against the United States and the BOP. The Court should dismiss these claims without further ado.

That leaves Count I as alleged against the United States, which is a claim under the Federal Tort Claims Act ("FTCA"). Silva-Vidinha does not dispute the two facts that compel dismissal: she was never appointed as a wrongful death trustee under Minnesota law, and she never gave the BOP evidence of her authority to pursue a wrongful death claim on behalf of Starsha Silva. Extensive authority from the Eighth Circuit dictates that this Court lacks subject matter jurisdiction over Silva-Vidinha's FTCA action because she failed to comply with the proof-of-authority requirement for presenting an administrative claim. No amended pleadings or Hawaii probate orders will fix that fundamental defect. The Court should dismiss Count I as alleged against the United States.

# ARGUMENT

Sovereign immunity bars every claim that Silva-Vidinha asserts against the federal government. The Court should therefore dismiss Counts I through V for lack of subject matter jurisdiction and dismiss the United States and the BOP as parties to this case. The Court should also deny Silva-Vidinha's improper request to amend her pleadings.

## I.   Count I as Alleged Against the United States

Silva-Vidinha did not properly present an administrative claim to the BOP before filing suit. That was a jurisdiction-destroying mistake because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Under a long line of Eighth Circuit and district court decisions, proper presentment of an administrative claim requires providing "evidence of a personal representative's authority to act on behalf of a claim's beneficiaries." *Mader v. United States*, 654 F.3d 794, 801 (8th Cir. 2011) (en banc). When claimants do not submit proof of their authority to pursue administrative claims, federal district courts lack subject matter jurisdiction over their subsequent FTCA actions. *Id.* at 805 (agreeing that "strict compliance with § 2675(a) is a jurisdictional prerequisite to suit under the FTCA."). This rule compels dismissing Count I.

The dispositive facts are not in dispute. With their opening brief, the United States and the BOP provided a sworn declaration confirming that Silva-Vidinha never gave the BOP proof of her appointment as a wrongful death trustee under Minnesota law. Dkt. 17, ¶ 14. The submissions themselves show that she did not include such proof. Dkt. 17-1 and Dkt. 17-3. In fact, Silva-Vidinha had not even filed a petition for appointment as a wrongful

2

death trustee when she submitted her SF-95, which means she could not possibly have provided proof of her appointment to the BOP. *See* Dkt. 16, at 13-14. None of the materials that Silva-Vidinha filed with her opposition suggest otherwise. *See generally* Dkt. 34. She instead hopes to avoid dismissal by arguing about the law. Specifically, Silva-Vidinha contends that Hawaii law should govern her FTCA action rather than Minnesota law. She also contends that sovereign immunity should not bar Count I because the BOP never asked her for the missing proof of authority and because the agency knew that she was Starsha Silva's personal representative. Both arguments lack merit.

### A.     Silva-Vidinha's Reliance on Hawaii Law

Minnesota law governs Silva-Vidinha's FTCA claim and her authority to pursue it, not Hawaii law. That is right in the statute. Under 28 U.S.C. § 1346(b)(1), the United States can be held liable for negligent acts or omissions of federal employees only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with *the law of the place where the act or omission occurred*." (emphasis added). In the 60 years since Congress passed the FTCA, the Supreme Court has "consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State -- the source of substantive liability under the FTCA." *FDIC v. Meyer*, 510 U.S. 471, 478 (1994) (collecting authority); *see also Hutchinson v. United States*, 71 F.4th 1115, 1117 (8th Cir. 2023) (same). As this Court recently explained in an FTCA case:

> District courts have jurisdiction to adjudicate these civil actions against the United States for money damages under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

> The Eighth Circuit has held that where an act occurs within the boundaries of some State that 'the law of the place' means 'the law of the State.'
>
> The parties do not dispute that the collision occurred in Minnesota, so Minnesota state law applies.

*Smith v. United States*, 2023 U.S. Dist. LEXIS 171138, at *17 (D. Minn. Sep. 22, 2023) (citations, alterations, and internal quotation marks omitted), *aff'd*, 2025 U.S. App. LEXIS 4144 (8th Cir. Feb. 24, 2025) (per curiam). Given how well-developed the law is on this point, Silva-Vidinha does not get anywhere by arguing that the Hawaii Probate Code supplies the substantive law governing her FTCA claim. *See* Dkt. 33, at 7-8.

Nor is Silva-Vidinha correct that a probate appointment from a Hawaii state court gave her the authority to bring a wrongful death action under Minnesota law. The very rule she cites says the exact opposite. *See* Dkt. 33, at 8. Minnesota General Rule of Practice 144 explains that if a trustee sues for wrongful death in a court other than the one that appointed her, she must file the petition, appointment order, and oath in the court where she brings the wrongful death action. The terms "trustee," "petition," "appointment," and "oath" all come from Minnesota Statutes § 573.02, subdivision 3:

> Upon written petition by the surviving spouse or one of the next of kin, the court having jurisdiction of an action falling within the provisions of subdivisions 1 or 2, shall appoint a suitable and competent person as trustee to commence or continue such action and obtain recovery of damages therein. The trustee, before commencing duties shall file a consent and oath. Before receiving any money, the trustee shall file a bond as security therefor in such form and with such sureties as the court may require.

(highlighting added). In turn, § 573.02, subdivision 1 explains that the only person who can bring a wrongful death action under Minnesota law is a wrongful death trustee—not a personal representative appointed under another state's probate law.

4

This Court has considerable experience with the Minnesota statutes that authorize wrongful death actions and spell out the trustee-appointment process. And that experience extends to FTCA claims arising out of acts or omissions that occur in Minnesota. Take *Spears v. United States*, which was a wrongful death action brought under the FTCA that this Court dismissed last month. 2025 U.S. Dist. LEXIS 146781, at *4 (D. Minn. July 31, 2025). The decision in *Spears* started by recognizing the very principle that Silva-Vidinha now misunderstands: "Under Minnesota law, only a trustee appointed under Minn. Stat. § 573.02, subd. 3, may pursue a wrongful-death claim." *Id.* Just like Silva-Vidinha, the plaintiff in *Spears* "was not a trustee—and indeed had not yet even petitioned to be appointed a trustee—when [her attorney] first submitted a claim on her behalf in December 2023." *Id.* Because the "defect [was] fatal to her FTCA claims," this Court dismissed the case as barred by sovereign immunity. *Id.* at *6.

Another example is *Rollo-Carlson v. United States*, an FTCA case that this Court dismissed because the plaintiff failed to obtain appointment as a wrongful death trustee and failed to provide proof of that appointment with her administrative claim. 2019 U.S. Dist. LEXIS 43796, at *1 (D. Minn. Mar. 18, 2019), *aff'd*, 971 F.3d 768 (8th Cir. 2020). The United States and the BOP discussed this case in depth in their opening brief. *See* Dkt. 16, at 15. For good reason, too. The district court and appellate opinions in *Rollo-Carlson* are on-point and explain why sovereign immunity bars FTCA claims exactly like the one Silva-Vidinha asserts in this case. Yet Silva-Vidinha's opposition offers no response to either decision. She just ignores *Rollo-Carlson* altogether.

5

Other Eighth Circuit precedent further forecloses Silva-Vidinha's reliance on a Hawaii court order to pursue a Minnesota wrongful death action. In *Mader v. United States*, the court affirmed dismissal of an FTCA wrongful death action in Nebraska because the plaintiff did not provide proof of her appointment under **Nebraska** law. 654 F.3d 794. And in *Runs After v. United States*, the court of appeals affirmed dismissal of an FTCA negligence action in South Dakota because the plaintiff did not provide proof of her guardianship under **South Dakota** law. 511 F. App'x 596 (8th Cir. 2013) (per curiam). This is not a complicated concept. The Eighth Circuit requires FTCA plaintiffs to comply with the appointment and guardianship rules for the state in which the underlying tort occurs because "a properly 'presented' claim under § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law." *Mader*, 654 F.3d at 803.

Silva-Vidinha refuses to acknowledge the rule, insisting that Hawaii Revised Statutes § 560:3-703(c) lets her get around the proof-of-authority requirement. According to Silva-Vidinha, appointment as her mother's personal representative gave her the same standing to sue in Minnesota state court that Ms. Silva herself had right before she died. *See* Dkt. 33, at 7-8. But the flaw in this argument is that Ms. Silva could not have pursued a wrongful death claim under Minnesota law right before she died because: (1) she was still alive, so there was no wrongful death action to pursue; and (2) she was never appointed as her own wrongful death trustee, and only a wrongful death trustee can bring a wrongful death action in Minnesota. Simply put, Hawaii law does not govern whether Silva-Vidinha had (or now has) the authority to pursue a wrongful death action on Ms. Silva's behalf.

6

Filing a Hawaii probate order with this Court does not fix the underlying jurisdictional defect in Silva-Vidinha's administrative claim.

One more point regarding Minnesota law. Silva-Vidinha protests that requiring an FTCA plaintiff to seek appointment as a wrongful death trustee before she presents an administrative claim "would render wrongful death actions impossible to litigate given the short window for bringing an administrative claim against the federal government." Dkt. 33, at 9. That is obviously wrong. A claimant has two years to file an administrative claim with an agency. *See* 28 U.S.C. § 2401(b). Minnesota state courts grant petitions for appointment of a wrongful death trustee in a matter of weeks, if not days.[1] Silva-Vidinha introduced no evidence showing that she was unable to comply with the proof-of-authority requirement in this case because of delays in state court. On the contrary, she still has not sought appointment as a trustee despite knowing that it is a prerequisite for her wrongful death claim. *See Case Search – Minnesota Court Records Online*, MINNESOTA JUDICIAL BRANCH https://publicaccess.courts.state.mn.us/CaseSearch (last searched August 28, 2025).

---

[1]  A quick search of state court dockets turns up several easy examples, including:
- *In re Alyssa Wheeler*, Case No. 29-cv-24-697 (Minn. Dist. Ct. filed July 15, 2024) (two days from petition to appointment order); and
- *In re Marvin Swanson*, Case No. 45-cv-20-104 (Minn. Dist. Ct. filed April 20, 2020) (nine days from petition to appointment order).

There is even a recent example for a plaintiff who sought and obtained appointment, properly presented an administrative claim, and then filed a wrongful death FTCA action in this Court. *See In re Deborah Giller*, Case No. 27-cv-23-15227 (filed Sept. 27, 2023) (six weeks from petition to appointment order) and *Giller v. United States*, No. 24-cv-2650-SRN-DJF (D. Minn. filed July 8, 2024) (FTCA action).

Ultimately, Silva-Vidinha needed to comply with Minnesota law to pursue a Minnesota wrongful death action against the United States pursuant to the FTCA. Her opposition concedes that she failed to do so. For that reason alone, the Court should dismiss Count I as alleged against the United States because it is barred by sovereign immunity. In the alternative, the Court should dismiss Count I because Silva-Vidinha fails to state a wrongful death claim under Minnesota law. *See Haugland v. Mapleview Lounge & Bottleshop, Inc.*, 666 N.W.2d 689, 695 (Minn. 2003) ("As a condition precedent to bringing such a lawsuit, a trustee must be appointed to bring the action and the action must be commenced by the trustee within the statutory limitations period.").

### B. Silva-Vidinha's "Blame-the-Agency" Approach

Silva-Vidinha next argues that if Minnesota law applies, then it is the BOP's fault she never provided proof of her authority. In particular, Silva-Vidinha contends that the Court should overlook her deficient administrative claim because the BOP already knew she had authority to bring a wrongful death action, Dkt. 33, at 10-11, and the agency never asked her to provide proof of her appointment as a wrongful death trustee, Dkt. 33, at 12-15. None of that is right, and none of it matters given the state of the law. The Eighth Circuit and its district courts consistently hold that claimants—not federal agencies—bear the responsibility for properly presenting administrative claims and complying with the conditions of the FTCA's waiver of sovereign immunity. Here, Silva-Vidinha does not dispute that she never provided proof of her appointment as a wrongful death trustee under Minnesota law. Blaming the BOP for that failure does not save Count I from dismissal.

8

### 1. Standard of Review

A quick threshold issue: Silva-Vidinha is wrong that her "allegation[s] must be accepted as true at this stage." Dkt. 33, at 10; *see also id.* at 5-6 (describing the "Legal Standard"). This is a motion to dismiss for lack of subject matter jurisdiction, raising a factual challenge to the Court's jurisdiction over Count I as alleged against the United States. Unlike the standard that Silva-Vidinha recites, a plaintiff does "***not*** enjoy the benefit of the allegations in [her] pleadings being accepted as true," and the Court ***can*** consider materials outside the pleadings to determine whether jurisdiction exists. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 915 (8th Cir. 2015) (emphasis added); *see also Rollo-Carlson*, 2019 U.S. Dist. LEXIS 43796, at *6. Because the United States is raising a factual challenge, Silva-Vidinha must come forward with evidence to prove jurisdiction. *See Two Eagle v. United States*, 57 F.4th 616, 620 (8th Cir. 2023); *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). The United States and the BOP identified the correct standard of review in their opening brief. Dkt. 16, at 2. Under that standard, the allegations in Silva-Vidinha's complaint do not satisfy her burden to prove that this Court has subject matter jurisdiction over Count I.

### 2. Actual Notice

Silva-Vidinha first notes that the BOP investigated her administrative claim and denied it "on grounds that she did not have a claim, not that she did not have authority to bring the claim." Dkt. 33, at 10. The implication is that she did not need to comply with the proof-of-authority requirement because the BOP already had notice of Silva-Vidinha's authority or because the agency excused her from providing proof of her authority. Either

9

way, Silva-Vidinha's argument is foreclosed by Eighth Circuit precedent that the United States and the BOP already cited in their opening brief. *See* Dkt. 16, at 16-17.

In *Rollo-Carlson*, the plaintiff argued that her failure to provide proof of appointment as a wrongful death trustee should be excused because the federal agency "had actual notice of her authority to bring a claim." 971 F.3d at 771. The plaintiff pointed to evidence similar to what Silva-Vidinha highlights in her opposition, stating that the agency:

- granted her a burial allowance;
- acknowledged her claim for insurance;
- responded to her requests for medical records;
- provided information regarding the circumstance surrounding Jeremiah's death;
- received a death certificate listing Jeremiah as single and never married; and
- replied to her request for Jeremiah's file.

*Id.* But the Eighth Circuit was not persuaded, observing that "Rollo-Carlson's status as next-of-kin is not synonymous with her status as appointed trustee under Minnesota law." *Id.* Based on that observation, the Eighth Circuit disagreed that an agency's alleged actual notice "excused [the plaintiff] from her obligation to show she was the appointed trustee" and held that "the presentment requirement contains no such exception." *Id.* The same result is required in this case, for the same reasons. Even if the BOP learned that Silva-Vidinha was a personal representative appointed under Hawaii probate law, that status did not give her the authority to pursue a wrongful death claim under Minnesota law.

Furthermore, Silva-Vidinha never gave the BOP a copy of the Hawaii probate order. *See* Dkt. 17, ¶ 15. *Rollo-Carlson* reiterated that no matter what information an agency has, an FTCA claimant still needs to provide evidence of her authority when presenting an

10

administrative claim. 971 F.3d at 771 (citing 28 C.F.R. § 14.2(a), which requires claimants to provide "evidence" of their authority). Silva-Vidinha tries to plug this gap with a FOIA request submitted seven months before her first SF-95. Dkt. 33, at 11-12. Yet "the law in this Circuit is clear—evidence of authority must be asserted *contemporaneously* with the filing of the claim by one who files on behalf of a claimant." *Trottier v. United States*, 2021 U.S. Dist. LEXIS 217213, at *9 (D.N.D. Nov. 10, 2021) (original emphasis) (citations and internal quotation marks omitted). One notation on a FOIA request form dated January 2024, *see* Dkt. 34-3, at 2, does not satisfy the requirement to contemporaneously include evidence of authority with an administrative tort claim submitted in August 2024.

District courts in this Circuit do not permit FTCA plaintiffs to get around the proof-of-authority requirement by pointing to an agency's actual notice of their authority. *See, e.g.*, *Johns v. United States*, 2025 U.S. Dist. LEXIS 39109, at *10 (D. Minn. Mar. 5, 2025); *Hennager v. United States*, 2020 U.S. Dist. LEXIS 223334, at *5 (D.N.D. Nov. 30, 2020). Silva-Vidinha's opposition does not overcome (or even acknowledge) this settled rule. Thus, her speculation as to what the BOP knew about her appointment as a personal representative under Hawaii probate law does not save Count I from dismissal.

### 3. No Request for Proof of Authority

Next is Silva-Vidinha's complaint that the BOP never asked her for proof that she had been appointed as a wrongful death trustee. *See* Dkt. 33, at 1, 10, 12, 15. Time and again, courts have rejected this exact excuse. Take *Hennager*, where the plaintiff tried to avoid dismissal "because the United States did not request proof of his authority to bring the claim." 2020 U.S. Dist. LEXIS 224047, at *14 (D.S.D. Nov. 4, 2020), *adopted by* 2020

11

U.S. Dist. LEXIS 223334 (D.N.D. Nov. 30, 2020). The court made short work of that argument, pointedly concluding that "it is not the agency's burden to solicit evidence of a representative's authority to bring a claim." *Id.* Another example is *Pretends Eagle v. United States*, which dismissed an FTCA action because it did not matter whether the agency requested proof of authority. 692 F. Supp. 3d 864, 878 (D.S.D. 2023) ("[T]he majority decision in *Mader* did not turn on the claimant's failures to respond to requests for proof of authorization. . . . The failure of the Tort Practice Branch to request proof of authority from Wilcox and Red Elk does not waive the requirement or preclude the United States from now arguing that Plaintiffs failed to meet their burden."). And yet another example is *Johns*, where this Court rejected a plaintiff's blame-the-agency argument because "the regulations expressly state that the materials required to properly present an administrative action must be received *from* a claimant." 2025 U.S. Dist. LEXIS 39109, at *11 (original emphasis) (citations, alterations, and internal quotation marks omitted).

Each of these decisions correctly applied the Eighth Circuit's instruction that "strict compliance with § 2675(a) is a jurisdictional prerequisite to suit under the FTCA." *Mader*, 654 F.3d at 805; *see also Puetz v. United States*, 2023 U.S. Dist. LEXIS 109379, at *27 (D. Minn. June 26, 2023) ("[T]he Eighth Circuit has time and again emphasized that the FTCA presentment conditions are construed narrowly and can only be satisfied with 'strict compliance.'" (citations omitted)), *aff'd*, 2024 U.S. App. LEXIS 9729 (8th Cir. Apr. 23, 2024) (per curiam). Silva-Vidinha is wrong that it was the BOP's job to solicit proof of her authority or make sure that she properly presented an administrative claim.

Silva-Vidinha is also wrong that the Eighth Circuit allows something less than strict compliance with the proof-of-authority requirement. Neither of the cases she cites for this proposition dealt with proof of authority. *See* Dkt. 33, at 12-13. In *A.M.L. v. United States*, the court addressed whether an FTCA claimant stated a sum certain by giving a range for her damages. 61 F.4th 561 (8th Cir. 2023). And in *Mackovich v. United States*, the court addressed whether allegations buried in an administrative claim gave an agency adequate notice of the claim. 630 F.3d 1134 (8th Cir. 2011). It is unfair to characterize either decision as lowering the bar for FTCA presentment, particularly as to proof of authority. *A.M.L.* held that "the expression of a range complies with the statute's requirements because it presents the maximum value of the claim," 61 F.4th at 564-65, while *Mackovich* held that allegations included in a claim and investigated by the BOP satisfied the notice-of-claim requirement, 630 F.3d at 1135. In other words, a claimant can properly present an administrative claim by providing **more** than what is required—a range for money damages in *A.M.L.*, and extraneous allegations in *Mackovich*. In contrast, Silva-Vidinha wants this Court to excuse her from providing **less** than what was required to prove her authority to pursue a wrongful death claim. *Mader* and its progeny foreclose that request.[2]

Silva-Vidinha's submissions to this Court exemplify why FTCA claimants need to provide evidence of their authority. Her opposition latches onto the "Case Details" screenshot from the BOP's systems, noting that the agency did not mark her tort claim as

---

[2] It should go without saying that the Eighth Circuit's en banc decision in *Mader* prevents Silva-Vidinha from relying on cases in other circuits that take a more lenient approach to the proof-of-authority requirement. *See, e.g.*, Dkt. 33, at 6-7, 12-14. Likewise, decisions from within the Eighth Circuit that pre-date *Mader* are not helpful to her.

being presented pro se. Dkt. 33, at 10. From there, Silva-Vidinha posits "that the BOP understood that Lovey was and is the legal representative of Starsha Silva's estate, through her family." *Id.* Which is it? Is Silva-Vidinha authorized to pursue a wrongful death claim on behalf of Ms. Silva, or does the law firm have that authority? The whole point of the proof-of-authority requirement is to avoid this confusion. To borrow from *Mader*, federal "agencies simply cannot meaningfully consider FTCA claims with an eye towards settlement if representatives fail to first present evidence of their authority to act on behalf of claims' beneficiaries." 654 F.3d at 803. Indeed, evidence of authority is not difficult to provide, "[a]ssuming a representative is, in fact, duly authorized to present an FTCA claim on behalf of beneficiaries under applicable state law." *Id.* at 804. The problem is that Silva-Vidinha was never duly authorized under Minnesota law, which explains why she could not provide proof of her authority to pursue a wrongful death claim with the SF-95.

At its most fundamental level, Silva-Vidinha's gripe with the BOP's pre-suit correspondence is difficult to take seriously. The instructions on the SF-95 plainly directed her to provide proof of authority, Dkt. 17-3, at 3, as did publicly available regulations for presenting administrative claims, 28 C.F.R. § 14.2(a). And Silva-Vidinha was represented by counsel throughout the entire process. The BOP is not to blame for her decision to ignore instructions and overlook federal regulations. As the Supreme Court explains, the FTCA's presentment requirement "is certainly not a trap for the unwary [and] the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent." *McNeil*, 508 U.S. at 113. Because Silva-Vidinha did not follow the basic rules for presenting an administrative claim, Count I is barred by sovereign immunity.

14

## II. Count I as Alleged Against the BOP, and Counts II through V

Silva-Vidinha's opposition does not discuss Count I as alleged against the BOP or Counts II through V as alleged against the United States and the BOP. Although Silva-Vidinha asks the Court to "deny Defendants' motion to dismiss in its entirety," Dkt. 33, at 17, she does not confront the obvious jurisdictional deficiencies that the United States and the BOP identified in their opening brief, *see* Dkt. 16, at 17-20. Thus, the Court should dismiss Count I as alleged against the BOP and Counts II through V as alleged against the United States and the BOP because those claims are barred by sovereign immunity.

## III. Silva-Vidinha's Request to Amend

As a last-ditch effort to avoid dismissal, Silva-Vidinha asks to amend her complaint "if the Court grants [the United States and the BOP's] motion." Dkt. 33, at 16. That request is procedurally improper. In this District, a request to amend pleadings is made as a separate motion pursuant to Local Rule 15.1(b) rather than tossed into the end of a brief opposing a motion to dismiss. In fact, this Court regularly criticizes the tactic that Silva-Vidinha is employing. *See, e.g.*, *Doll v. Trellis Walnut Towers LLC*, 2024 U.S. Dist. LEXIS 176750, at *19 (D. Minn. Sep. 30, 2024) ("This case shows why compliance with these rules matters. Suggesting one might seek leave to amend only if the opposing party's motion to dismiss is granted risks unreasonable delay."); *Nordgren v. Hennepin County*, 2022 U.S. Dist. LEXIS 69681, at *4 (D. Minn. Apr. 15, 2022) ("Nordgren's purported request for leave to amend was never brought by formal motion and, instead, was encompassed in the final sentences of her opposition to the Defendants' plethora of motions. Nordgren's request, therefore, failed to offer proposed amendments as required by Local Rule 15.1(b)

15

and controlling case law." (citations omitted)). Silva-Vidinha did not follow Local Rule 15.1(b), and the Court should not grant her on-the-fly request to amend.

Procedural misstep aside, Silva-Vidinha's proposed amendments would not fix the jurisdictional deficiencies in her complaint. Filing the Hawaii probate order accomplishes nothing because Silva-Vidinha's status under Hawaii law does not authorize her to pursue a wrongful death action under Minnesota law. What she needs is proof of her appointment as a wrongful death trustee—proof that she does not have right now, and that she did not have when she filed the administrative claim. *See Rollo-Carlson*, 2019 U.S. Dist. LEXIS 43796, at *13 ("Minnesota's wrongful-death statute says that only a trustee, appointed as provided in subdivision 3, may maintain a wrongful-death action." (citations and internal quotation marks omitted)). Equally important, Silva-Vidinha cannot solve the jurisdictional problem after-the-fact with a filing in federal court; she must go back to step one and properly present an administrative claim to the BOP ***before*** filing suit. *See McNeil*, 508 U.S. at 112 ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."); *Johns*, 2025 U.S. Dist. LEXIS 39109, at *12 ("The later-provided proof of legal authority therefore does not repair the proof-of-authority defect in Johns's presentation of the administrative claim"). No amendment will send Silva-Vidinha backward in time so that she can provide the missing proof of authority, which is a further reason to deny her request.

As for Silva-Vidinha's discussion of equitable tolling and the diligent pursuit of her claims, Dkt. 33, at 17, these arguments are out of place for this motion. There is nothing to equitably toll because the United States is not seeking dismissal due to a late-filed

16

administrative claim. Rather, Count I is barred by sovereign immunity because Silva-Vidinha failed outright to comply with the FTCA's presentment requirement. If she decides to properly present a new administrative claim some day in the future and bring a new FTCA action, then the parties can litigate equitable tolling at that point. For now, suffice it to say that equitable tolling will be tough for Silva-Vidinha because she cannot show "that some extraordinary circumstance stood in [the] way" of her compliance with the proof-of-authority requirement. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The simple fact is that Silva-Vidinha did not follow clear directions on the SF-95, did not comply with plain-English regulations explaining how to present administrative claims, and did not consult well-established law governing the proof-of-authority requirement. These were oversights, not "extraordinary circumstances."

## CONCLUSION

This motion is straightforward. To properly present an administrative claim under the FTCA, Silva-Vidinha needed to provide proof of her authority to the BOP. She didn't. To pursue a wrongful death claim on behalf of her mother, Silvia-Vidinha needs to be a wrongful death trustee appointed under Minnesota law. She isn't. Pursuant to binding Eighth Circuit precedent, sovereign immunity bars Count I as alleged against the United States. Sovereign immunity also bars Silva-Vidinha's remaining claims against the federal government—a point she does not contest. The Court should therefore dismiss Counts I through V for lack of subject matter jurisdiction and dismiss the United States and the BOP as parties to this case.

Dated: August 29, 2025

                                        JOSEPH H. THOMPSON
                                        Acting United States Attorney

                                        *s/ Trevor Brown*

                                        BY:  TREVOR C. BROWN
                                        Assistant United States Attorney
                                        Attorney ID Number 396820
                                        600 U.S. Courthouse
                                        300 South Fourth Street
                                        Minneapolis, MN  55415
                                        (612) 664-5600
                                        trevor.brown@usdoj.gov