**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RYLEE SILVA-VIDINHA, *as personal representative of the Estate of Starsha Silva, and on her own behalf*,

                                        Plaintiff,

v.

UNITED STATES OF AMERICA; FEDERAL BUREAU OF PRISONS; MICHAEL SEGAL, *Warden (FCI Waseca) in his individual capacity*; SHEILA JOHNSON*, in her individual capacity*; MS. KOZIOLEK*, in her individual capacity*; SYED FATEH HYDER, MD, *in his individual capacity*; BENJAMIN RICE, MD, *in his individual capacity*; LINDA LINDNER, MD, *in her individual capacity*; S. TAYLOR, PA-C, *in their individual capacity*; C. MEAD, NRP, *in their individual capacity*; J. PETERSON, BSN, *in their individual capacity*; HOLLY SIETSMA, NRP, *in their individual capacity*; T. WEISER, RN, *in their individual capacity*; DANIELLE SKOGLAND, RN, *in their individual capacity*; JOHN AND JANE DOES 1–10, *unknown BOP medical and custodial staff*,

                                        Defendants.

Civil No. 25-2137 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS OF THE UNITED STATES AND THE FEDERAL BUREAU OF PRISONS**

---

Arthur Loevy, Gianna Gizzi, Josh Jacobson, **LOEVY & LOVEY ATTORNEYS AT LAW**, 311 North Aberdeen Street, Suite 300, Chicago, IL 60607; Catherine Sevcenko, **THE NATIONAL COUNCIL FOR INCARCERATED AND FORMERLY INCARCERATED WOMEN AND GIRLS**, 300 New Jersey Ave Northwest, Suite 300, Washington DC 20001; and Maria Makar, **HALE & MONICO**, 250 Park Avenue, New York, NY 10177, for Plaintiff.

Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendants United States of America, Federal Bureau of Prisons, Ms. Koziolek, Syed Fateh Hyder, Benjamin Rice, Linda Lindner, C. Mead, J. Peterson, Holly Sietsma, T. Weiser, Danielle Skogland, and John and Jane Does 1-10.

Besse McDonald, **MEAGHER & GEER PLLP**, 33 South Sixth Street, Suite 4300 Minneapolis, MN 55402, for Defendant Sheila Johnson.

Starsha Silva was 36 years old when she died from complications related to severe congenital heart disease in the custody of the Federal Bureau of Prisons ("BOP"). The Complaint in this case alleges that Ms. Silva received inadequate and negligent care from BOP staff. Ms. Silva's daughter, Plaintiff Rylee Silva-Vidinha, brings this case against numerous Defendants, asserting claims under the Federal Tort Claims Act (FTCA), *Bivens*,[1] and Minnesota state law.

The United States and the BOP filed a motion to dismiss the claims brought against them. Silva-Vidinha does not dispute dismissal of all counts against the BOP or dismissal of Counts II–V against the United States. Thus, the sole issue the Court must resolve is the United States' motion to dismiss as to Count I. In Count I, Silva-Vidinha brings claims for medical malpractice and wrongful death under the Federal Tort Claims Act. The United States seeks dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction,

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

arguing that Silva-Vidinha failed to properly present her administrative claim to the BOP, and alternatively under Rule 12(b)(6), arguing that Silva-Vidinha failed to state a claim.

Because the Court concludes that Silva-Vidinha has alleged facts sufficient to support this Court's subject matter jurisdiction and sufficient to state a plausible claim under the FTCA, the Court will deny the United States' motion to dismiss.

**BACKGROUND**

## I.    FACTS

On May 24, 2023, Starsha Silva, who was 36, died of complications related to severe congenital heart disease while in the custody of the BOP at FCI Waseca. (Complaint ("Compl.") ¶¶ 1, 36, 55, May 19, 2025, Docket No. 1.)  Silva-Vidinha alleges that BOP officials "failed to intervene when [they] learned Ms. Silva needed immediate heart surgery," "refused to allow [an] operation" that had been recommended by physicians at the Mayo Clinic, "cancelled preoperative appointments," and had instructed Silva she would be transferred to another facility shortly before she died.  (Compl. ¶¶ 35–49.)  Silva-Vidinha asserts that "FCI Waseca's practice of transferring women with serious medical issues or ignoring their complaints caused Ms. Silva's death and violated her Eighth Amendment rights."  (Compl. ¶ 50.)

On June 9, 2023, the law firm Loevy & Loevy sent a preservation letter to the BOP stating that the firm "has been retained by the family of Starsha Silva" for claims arising from her death.  (Pl.'s Exhibits, Ex. B at 2, Aug. 18, 2025, Docket No. 34.)  In January 2024, Loevy & Loevy submitted a FOIA request to the BOP for information related to this

anticipated lawsuit.  (Pl.'s Exhibits, Ex. C.)   The form stated that the claim was "made on behalf of Rylee Silva-Vidinha, daughter and administrator of the estate of Starsha Silva[.]" (*Id.*)

On August 15, 2024, Loevy & Loevy filed an SF-95 form making an administrative claim to the BOP on behalf of Ms. Silva's estate.  (Decl. of Jarad Herbig ("Herbig Decl.") ¶ 5, Ex. A, Jul. 28, 2025, Docket No. 17.)  That SF-95 was accompanied by a letter on Loevy & Loevy letterhead stating, "Ms. Silva leaves behind four children and two siblings who will be deprived of her support and companionship for the rest of their lives."  (*Id.*)  On August 27, 2024, the BOP responded, finding "that the form is incomplete or that further information will be required to establish your submission as a claim for relief under the [FTCA]."  (Pl.'s Exhibits, Ex. F.)  The BOP's letter stated:

> In order to accept and investigate this tort claim, all the highlighted areas must be filled in with a specific sum certain.  If you wish to proceed with this claim, please make the corrections on your attached claim and resubmit this claim, along with this sheet, to the address listed below.

(*Id.*)  The letter stated further:

> Please be advised that, absent the information requested or completion of the form as indicated above, your submission will not be considered a properly submitted claim for consideration under the [FTCA].

(*Id.*)   The attached SF-95 had only two boxes highlighted: Box 13a, "Signature of Claimant," and Box 14, "Date of Signature."  (*Id.*)

On September 10, 2024, Loevy & Loevy submitted a corrected form, with Plaintiff Rylee Silva-Vidinha having signed Box 13a.  (Herbig Decl. ¶ 7, Ex. C.)  The BOP did not

render a decision on the claim within six months, "constituting an effective denial."

(Compl. ¶ 64.)  However, on June 10, 2025, after the commencement of this case, the

BOP formally denied the administrative claim.  The BOP's letter stated:

> Your above-referenced tort claim has been considered for administrative review pursuit to 28 C.F.R. § 0.172, Authority: Federal Tort Claims and 28 C.F.R. Part 14, Administrative Claims Under Federal Tort Claims Act. Investigation of your claim did not reveal you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.
>
> As a result of this investigation, your claim is denied. This memorandum serves as a notification of final denial under 28 C.F.R. § 14.9, Final Denial of Claim.  If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification.

(Pl.'s Exhibits, Ex. H.)

## II.     PROCEDURAL HISTORY

On May 19, 2025, Plaintiff brought this case, bringing five claims against 14 named

Defendants and 10 John and Jane Does.  As relevant here, Count I alleges medical

malpractice and wrongful death claims under the Federal Tort Claims Act.[2]

On July 28, 2025, the United States and the Bureau of Prisons together moved to

dismiss each of Plaintiff's claims against them.  (Mot. Dismiss, Docket No. 15.)  At an

in-person hearing before the Court on January 14, 2026, counsel for Silva-Vidinha clarified

---

[2] Count II alleges claims for violations of the Eighth Amendment under *Bivens;* Count III alleges "Supervisory and Policy Claims Against the United States"; Count IV alleges medical malpractice claims under Minnesota state law; and Count V alleges wrongful death claims under Minnesota state law.  (Compl. ¶¶ 66–82.)

that only Count I of the Complaint is alleged against the United States and did not argue that the motion to dismiss should be denied as to the Bureau of Prisons.  Accordingly, the only issue before the Court is whether Count I as against the United States should be dismissed.

## DISCUSSION

The United States moves to dismiss Count I of Silva-Vidinha's Complaint on two different grounds.  First, the United States seeks dismissal under Fed. R. Civ. P. 12(b)(1), arguing that this Court lacks subject matter jurisdiction to hear this claim.  Second, the United States moves to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Silva-Vidinha has failed to state a plausible claim for relief.

## I.   STANDARD OF REVIEW

### A.  12(b)(1) Motion to Dismiss

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, a court "must distinguish between a 'facial attack' and a 'factual attack.'"  *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Here, the United States brings a factual challenge to the Court's jurisdiction.  When ruling on a factual attack under Rule 12(b)(1), "a district court may look outside the pleadings to affidavits or other documents."  *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018).  However, "[t]his does not . . . convert the 12(b)(1) motion to one for summary judgment."  *Id.* (citation omitted).  "Instead, the party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence."  *Id.*

### B. 12(b)(6) Motion to Dismiss

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II.    DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1)

The United States brings a factual challenge to the Court's subject matter jurisdiction.  The United States asserts that Silva-Vidinha failed to properly present her claim to the BOP before filing this federal lawsuit, thus precluding the Court from exercising subject matter jurisdiction.  The Court will first examine the administrative presentment requirement before analyzing whether Silva-Vidinha properly presented her claim.

### A.    FTCA Administrative Presentment Requirement

Before filing a lawsuit under the FTCA, a plaintiff must "first present[] the claim to the appropriate Federal agency," and their claim must be "finally denied by the agency in writing."  28 U.S.C. § 2675(a).  Federal regulations outline how a claimant must satisfy the requirement of presenting their claim:

> For purposes of the provisions of 28 U.S.C. 401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a).  The Eighth Circuit has further interpreted the requirements of 28 U.S.C. § 2675(a):

> [W]e hold that a properly "presented" claim under § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's

beneficiaries under state law. The presentation of such evidence is not a pointless administrative hurdle—it is fundamental to the meaningful administrative consideration and settlement process contemplated in §§ 2675(a) and 2672. Moreover, we note that the presentation of such evidence is far from burdensome. Assuming a representative is, in fact, duly authorized to present an FTCA claim on behalf of beneficiaries under applicable state law, evidence of such authority is uniquely in the representative's possession.

*Mader v. United States,* 654 F.3d 794, 803–04 (8th Cir. 2011) (en banc). The Eighth Circuit has emphasized that "the presentment of evidence of a personal representative's authority to act on behalf of a claim's beneficiaries," is "totally essential to meaningful agency consideration." *Id.* at 801.

A federal court lacks subject matter jurisdiction to hear a plaintiff's FTCA claim if the claim was not first properly presented to the federal agency. *See id.* at 808 (holding that "conformity with § 2675(a) is a jurisdictional term of the FTCA's limited waiver of sovereign immunity").

### B. Analysis

The United States argues that Silva-Vidinha failed to satisfy the presentment requirement and therefore the Court lacks subject matter jurisdiction over Silva-Vidinha's FTCA claim. Specifically, the United States argues that: (1) Silva-Vidinha failed to identify herself as the claimant on the SF-95 forms she submitted to BOP; and (2) Silva-Vidinha failed to provide the BOP sufficient documentation to prove that she was a lawful claimant. The United States relies heavily on *Mader*, arguing that dismissal is required

here because Silva-Vidinha failed to present the BOP with any "evidence of [her] authority to act on behalf of the claim's beneficiaries under state law." *See* 654 F.3d at 803.

The Court concludes that it possesses subject matter jurisdiction, and accordingly, will deny the United States's motion to dismiss.  The United States, in arguing that *Mader* requires dismissal in this case, fails to account for critical, outcome-determinative differences between the two cases.  In *Mader*, the Eighth Circuit found that the plaintiff had failed to properly present her claim to the relevant agency before filing her FTCA claim.  But the court highlighted that the administrative agency had made repeated efforts to get in touch with the claimant to secure the missing relevant information, and that the claimant was unresponsive and uncooperative:

> Indeed, on August 21, 2006, the VA sent Ms. Mader's lawyer a letter requesting evidence of Ms. Mader's status as personal representative. Neither Ms. Mader nor her attorney responded to this entreaty.  The VA later telephoned Ms. Mader's counsel at least four times asking for the information but, again, neither Ms. Mader nor her lawyer replied.

*Madel*, 654 F.3d at 799.  Ultimately, the agency "denied the claim in writing due to Ms. Mader's repeated failure to submit the required authority evidence," and denied the claim on the merits "[i]n the alternative." *Id.*

This case is markedly different.  After Silva-Vidinha's counsel, from the law firm Loevy & Loevy, filed the initial SF-95 bringing a wrongful death claim on behalf of Ms. Silva, the BOP sent back a copy of the form with two specific boxes highlighted in yellow. The BOP stated in an attached letter that "[i]n order to accept and investigate this tort

claim, all the highlighted areas must be filled in . . . ."  (Herbig Decl., Ex. B.)  The letter stated that "absent the information requested . . . your submission will not be considered a properly submitted claim for consideration under the Federal Tort Claim Act."  (*Id.*)  The only highlighted areas on the form were Box 13a, "Signature of Claimant," and Box 14, "Date of Signature."  (Pl.'s Exhibits, Ex. F.)  In response, an amended SF-95 form was provided to the BOP on September 10, 2024, with Box 13a filled in with a signature by "Rylee Silva-Vidinha," and Box 14 including the date: "9/10/24."  (Herbig Decl., Ex. C.)  The BOP did not thereafter follow up with any further concerns—instead, they denied Silva-Vidinha's claim on the merits, making no mention of any continued procedural defects in the administrative claim.  (*See* Pl.'s Exhibits, Ex. H.)

In summary, unlike in *Mader,* Silva-Vidinha timely provided the BOP with every piece of information they requested from her, and had her claim denied on its merits. The Court concludes that the BOP was provided "a fair opportunity to meaningfully consider . . . [Silva-Vidinha's] FTCA claim[] prior to suit."  *See Mader*, 654 F.3d at 801.

Even if that were not enough, the Court is further persuaded that dismissal is not warranted here because Silva-Vidinha and her counsel provided the BOP with multiple pieces of evidence of Silva-Vidinha's authority to bring the claim, thus carrying her burden to provide the agency with "evidence of [the] personal representative's authority."  *See Mader* 654 F.3d at 803.  First, prior to the filing of the SF-95, Silva-Vidinha submitted a request for information regarding Ms. Silva's death from the Bureau of Prisons—a request

which stated that it was "made on behalf of Rylee Silva-Vidinha, daughter and administrator of the estate of Starsha Silva[.]" (Pl.'s Exhibits, Ex. C at 2.)  Second, the corrected SF-95 form identified the same person referenced in the FOIA request—Rylee Silva-Vidinha—as the claimant.  (Herbig Decl., Ex. C.)  And third, Loevy & Loevy's initial letter to the BOP in June 2023 stated that "family of Ms. Silva anticipates bringing a legal action," arising from Ms. Silva's death, providing further context as to Rylee Silva-Vidinha's identity, and her authority referenced in the aforementioned documents.  (Pl.'s Exhibits, Ex. B.)

Taking these facts together, the Court is satisfied that Silva-Vidinha properly presented her claim, including providing "evidence of [the] representative's authority to act on behalf of the claim's beneficiaries under state law," Mader, 654 F.3d at 803.  When a party moves brings a "factual challenge" to the Court's jurisdiction, the party asserting the presence of federal jurisdiction "must prove jurisdictional facts by a preponderance of the evidence."  *Moss*, 895 F.3d at 1097.  The Court concludes that Silva-Vidinha has carried her burden to establish the presence of subject matter jurisdiction sufficient to survive the Defendants' motion to dismiss under Rule 12(b)(1).

## III.    DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)

The United States alternatively moves to dismiss Count I under Rule 12(b)(6).  The United States argues that a plaintiff must be designated as a wrongful-death trustee under Minnesota law before they can bring a wrongful death action, and that Silva-Vidinha has not been so appointed.  *See* Minn. Stat. § 573.02, subd. 3; *see also Rollo-*

*Carlson ex rel. Flackus-Carlson v. United States*, 971 F.3d 768, 770–71 (8ᵗʰ Cir. 2020) (noting that FTCA actions are governed by the law of the state in which the acts occurred, and that "Minnesota's wrongful-death statute requires a court-appointed trustee to bring a wrongful-death action").

However, unlike a factual challenge to the Court's subject matter jurisdiction, on a Rule 12(b)(6) motion to dismiss the Court considers only Silva-Vidinha's Complaint and "those materials that are necessarily embraced by the pleadings." *Schriener*, 774 F.3d at 444. In Silva-Vidinha's Complaint, she alleges that she is "the duly appointed Special Administrator of the Estate of Starsha Silva." (Compl. ¶ 9.) While subsequent proceedings may bear out that the manner of Silva-Vidinha's appointment as administrator does not comport with Minnesota's wrongful death statute, the Court concludes that the facts alleged in the Complaint are sufficient to state a plausible claim to relief. Thus, dismissal is not warranted under Rule 12(b)(6).

## CONCLUSION

The Court concludes that Silva-Vidinha has carried her burden of demonstrating that she properly presented her administrative claim arising from the death of Ms. Silva. The Court further concludes that Silva-Vidinha's Complaint alleges sufficient facts to state a plausible claim for relief under the FTCA. Accordingly, the Court will deny the United States' motion to dismiss Count I under Rules 12(b)(1) and 12(b)(6). However, the Court will dismiss Counts II–V to the extent they are alleged against the United States and will dismiss all counts to the extent they are alleged directly against the Bureau of Prisons.

-13-

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Motion to Dismiss (Docket No. [15]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. As to Defendant Federal Bureau of Prisons, the motion is **GRANTED IN PART,** and all Counts of Plaintiff's Complaint are **DISMISSED without prejudice**.

2. As to Defendant the United States of America:

    1. The Motion is **GRANTED IN PART** with respect to Counts II–V of Plaintiff's Complaint, and Counts II to V are **DISMISSED without prejudice**, and

    2. The Motion is **DENIED IN PART** with respect to Count I of Plaintiff's Complaint.

DATED: March 23, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

-14-